UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

SALISHA BAKER,

    Debtor.
_____

SALISHA BAKER,

    Appellant,

v.

WAYNE COUNTY TREASURER,

    Appellee.

Case No. 17-12870
Honorable Laurie J. Michelson

Bankr. No. 15-42041

**OPINION AFFIRMING BANKRUPTCY COURT'S ORDER LIFTING THE AUTOMATIC STAY**

**I.**

At a Wayne County tax auction, Salisha Baker purchased five houses located in Detroit. (R. 7, PID 359; R. 8, PID 391.) She wanted the houses to generate supplemental income to create a nest egg. (R. 7, PID 359.) So she started a property management business and began leasing the houses to tenants. (R. 8, PID 391.) But the tenants' rent did not cover Baker's costs. (R. 5, PID 66–70; *see also* R. 5, PID 137.) As a result, from 2010 to 2014, Baker did not pay property taxes and fell behind on her utility bills. (R. 5, PID 45, 51–52.)

To reorganize her debts, Baker filed for Chapter 13 bankruptcy protection. Her biggest debt was to the Wayne County Treasurer for $49,024.10 in unpaid property taxes. (R. 5, PID 45.) She

had other debts, too, including unpaid utility bills along with student loan obligations. (R. 5, PID 51–52.)

Baker consolidated her debts—including the delinquent property taxes—and in late 2015, the Bankruptcy Court confirmed her Chapter 13 plan. (R. 9, PID 415.) Over the objection of the bankruptcy trustee, Baker included, as part of the bankruptcy estate, the five rental properties. (R. 5, PID 207.) She insisted the rental properties generated net income essential to her ability to make plan payments. (R. 9, PID 416.)

Baker made—and continues to make—timely and consistent plan payments. (R. 5, PID 312, 323.) But sometime in 2016 Baker fell ill and lost wages. (R. 8, PID 392.) Losing the wages, Baker says, forced her to choose between paying her 2015 and 2016 property taxes or making her plan payments. (*Id.*) Baker opted to make plan payments and did not pay 2015 and 2016 property taxes on any of her rental properties. (*Id.*)

Initially, the Wayne County Treasurer tried to work with Baker. The Treasurer mailed Baker two letters, informing her of the delinquency and offering her a chance to structure a payment plan. (R. 12, PID 473.) Baker never responded (R. 12, PID 473), so the Treasurer foreclosed on the five properties (R. 9, PID 474). But the rental properties were part of the bankruptcy estate so the Treasurer could not immediately begin foreclosure proceedings.

To further explain, Baker's bankruptcy petition automatically "operate[d] as a stay" of certain legal proceedings against her and properties in her bankruptcy estate. 11 U.S.C. § 362(a). Because Baker's rental properties were part of the bankruptcy estate, the stay blocks the Treasurer's attempt to foreclose on them. 11 U.S.C. § 362(a)(3), (a)(4). But the stay is not inviolable. *See* 11 U.S.C. § 362(d). Section 362(d) allows the Bankruptcy Court to lift the stay "(1) for cause . . . or (2) with respect to a stay of an act against property . . . if (A) the debtor does not

have an equity in such property; and (B) such property is not necessary to an effective reorganization." 11 U.S.C. § 362(d).

As permitted by § 362(d), the Treasurer moved to lift the stay on the rental properties. (*Id.*) The Treasurer argued that Baker's failure to pay post-petition property taxes amounted to "cause" sufficient to lift the stay. (R. 5, PID 261–62.) Baker replied that her health concerns and timely plan payments to the trustee counseled against granting the Treasurer relief from the stay. (R. 5, PID 338.) Siding with the Treasurer, the Bankruptcy Court lifted the stay. The Bankruptcy Court reasoned that Baker's failure to pay post-petition property taxes on five commercial properties amounts to cause.

Soon after, the Treasurer began foreclosure proceedings. (R. 5, PID 268–270.) Baker appealed. (R. 1.) Initially, she sought a stay of the Bankruptcy Judge's ruling pending appeal, (R. 8), which this Court denied (R. 13). Now, Baker argues the decision to lift the automatic stay was an abuse of discretion. (R. 9, PID 414.)

**II.**

When a bankruptcy court grants a creditor relief from the automatic stay, the Court reviews that decision for an abuse of discretion. *See State Bank v. Miller (In re Miller)*, 513 F. App'x 566, 570 (6th Cir. 2013); *Laguna Assoc. Ltd. P'ship v. Aetna Cas. & Sur. Co. (In re Laguna Assoc. Ltd. P'ship)*, 30 F.3d 734, 737 (6th Cir. 1994). Abuse of discretion requires the Court to ask "whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." *In re M.J. Waterman & Assocs.*, 227 F.3d 604, 608 (6th Cir. 2000) (citing *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982)). Within the abuse of discretion framework, the Court gives fresh review to

legal conclusions, and reviews factual findings for clear error. *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003).

### III.

On appeal, Baker raises two arguments. First, Baker says the Bankruptcy Court misread § 362(d). (R. 9, PID 422.) The Bankruptcy Court's decision to lift the stay relied on § 362(d)(1), which allows relief from the stay "for cause." 11 U.S.C. § 362(d)(1). Baker says relying on the "cause" prong was error. Baker argues the Bankruptcy Court was required to rely on § 362(d)(2). Recall that § 362(d)(2) allows relief "with respect to a stay of an act against property . . . if (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization." *See* 11 U.S.C. § 362(d)(2). Because the Treasurer wanted relief from the stay to foreclose on property, Baker thinks the Bankruptcy Court had to apply § 362(d)(2), the "property" prong. And relying on the "property" prong would have required the Bankruptcy Court to assess whether Baker had equity in the rental properties and see if Baker needed the properties for her reorganization. Thus, says Baker, the Bankruptcy Court erred in deciding not to conduct those inquiries. In the alternative, Baker says even if the Bankruptcy Court was right to apply the "cause" prong, it was wrong to find cause sufficient to lift the stay. Either way, Baker asks the Court to remand with instructions to apply the "property" prong.

### A.

The Court begins with Baker's argument that the "property" prong applies.

Baker misreads § 362(d). Deciding to lift the stay is an equitable decision left to the Bankruptcy Court's discretion. *See Baxter v. Sarmadi*, 602 F. App'x 322, 325 (6th Cir. 2015) (citing *Easley v. Pettibone Michigan Corp.*, 990 F.2d 905, 909–10 (6th Cir. 1993)); *Gitler v. Parker*, No. 95-71258, 1995 U.S. Dist. LEXIS 15076, *5 (E.D. Mich. Aug. 18, 1995).

4

Accordingly, the Bankruptcy Court had latitude to grant relief if the Treasurer satisfied *either* prong of § 362(d). *See Drake v. Franklin Equip. Co.* (*In re Franklin Equip. Co.*), 416 B.R. 483, 529 (Bankr. E.D. Va. 2009) ("[T]he Court finds that relief pursuant to § 362(d)(1) should be granted. Because Sections 362(d)(1) and 362(d)(2) are read in the disjunctive, the Court will not address whether relief should be granted pursuant to § 362(d)(2)."); *In re Armenakis*, 406 B.R. 589, 619 (Bankr. S.D.N.Y. 2009) ("Section 362(d) provides two grounds for stay relief . . . This means the Court must lift the stay if the movant prevails under either of the two grounds."). So the Bankruptcy Court was on firm ground in relying on the "cause" prong instead of the "property" prong.

Resisting this conclusion, Baker says her situation is "legally indistinguishable from the factual circumstances presented in" *Gateway N. Estates v. Bailey*, 169 B.R. 379 (E.D. Mich. 1994). (R. 9, PID 424.) In *Gateway*, the district court reversed a bankruptcy court for relying on the "cause" prong. *Gateway*, 169 B.R. at 381–82. Because the creditor wanted to foreclose on a piece of property, the district court said the bankruptcy court should have relied on the "property" prong. *Id.* at 381 (quoting 11 U.S.C. § 362(d)(2)).

*Gateway* is an outlier. Bankruptcy courts acknowledged the statute's disjunctive structure both before *Gateway*, *see, e.g.*, *In re MCM, Inc.*, 95 B.R. 307, 310 (Bankr. D. Del. 1988) ("Section 362(d) is written in the disjunctive and a ruling under one or the other of its subsections in favor of a movant is all that is required for relief."), and after, *see, e.g.*, *Dargahi v. Kent Inv. Co.* (*In re Dargahi*), No. 04-1261, 2006 Bankr. LEXIS 4882, at *9–10 (Bankr. 9th Cir. Feb. 24, 2006) ("The test is disjunctive: relief from the automatic stay is warranted if either paragraph of Section 362(d) is satisfied . . . ."); *In re Armenakis*, 406 B.R. 589, 619 (Bankr. S.D.N.Y. 2009) (holding the statute is disjunctive); *In re ELMIRA LITHO, INC.*, 174 B.R. 892, 900 (Bankr. S.D.N.Y. 1994) ("Sections

362(d)(1) and (d)(2) are disjunctive. This means that the Court must lift the stay if the movant prevails under either of the two grounds."). And Sixth Circuit cases since *Gateway* likewise acknowledge the statute's disjunctive structure. *See In re Miller*, 513 F. App'x at 575; *In re Laguna Assoc. Ltd. P'ship*, 30 F.3d at 737.

In sum, given this disjunctive structure, the Bankruptcy Court did not err in relying on the "cause" prong to grant the Treasurer relief from the automatic stay.

**B.**

Turning to Baker's second argument, she says that even if the Bankruptcy Court was correct to rely on the "cause" prong, the Bankruptcy Court was wrong to find cause sufficient to lift the stay.

To lift the stay, Baker says the Treasurer needed to show more than a mere failure to pay property taxes. Although Baker concedes she has not paid property taxes since filing for bankruptcy (or before), she says extenuating circumstances make her case different. In failing to account for those extenuating circumstances, Baker says the Bankruptcy Court abused its discretion. (R. 9, PID 428.)

Cause is a "broad and flexible concept." *In re Indian River Estates, Inc.*, 293 B.R. 429, 433 (Bankr. N.D. Ohio 2003). The determination is fact-intensive and made on a case-by-case basis. *See In re Sterling,* 543 B.R. 385, 393 (Bankr. S.D.N.Y. 2015). On a case-by-case basis, determining cause calls on a bankruptcy court to "balance the hardships imposed on the parties with an eye towards the overall goals of the Bankruptcy Code." *In re Nichols*, 440 F.3d 850, 856 (6th Cir. 2006). When it comes to property taxes, bankruptcy courts have frequently held that a failure to pay post-petition taxes may amount to cause. *See In re Scott*, 449 B.R. 535, 536 (Bankr. N.D. Ill. 2011) (reasoning that debtor's inability to pay post-petition property taxes was grounds

to lift the stay); *In re Vista Int'l Dev.*, No. 08-12582, 2008 Bankr. LEXIS 5139, *14–15 (Bankr. W.D. Tenn. Oct. 23, 2008) ("Some circumstances courts have found to satisfy the 'cause' requirement of § 362(d)(1) include 'lack of insurance, commission of waste, failure to pay post-petition taxes respecting the property in which the creditor has an interest, or the violation of government statutes or ordinances;'"); *Equitable Life Assurance Soc'y of the U.S. v. James River Assocs.* (*In re James River Assocs.*), 148 B.R. 790, 797 (E.D. Va. 1992); *In re Schewe*, 94 B.R. 938, 949 (Bankr. W.D. Mich. 1989) ("In previous bench opinions, given certain facts, this court has determined cause may include . . . failure to pay post-petition taxes respecting the property in which the creditor has an interest . . . .").

The Bankruptcy Court did not abuse its discretion in finding cause. Baker failed to pay 2015 and 2016 property taxes. The Bankruptcy Court noted Baker's history of nonpayment, dating back to 2010 on all five properties. (R. 5, PID 294–95.) The Bankruptcy Court also conducted a fact-specific analysis, and assessed Baker's claims of hardship. (*See* R. 5, PID 294–96, 337–41.) It noted Baker's medical issues, but also understood that she continued to work and earn an income. (R. 5, PID 337.) The Bankruptcy Court also recognized that the properties were commercial, not residential, (R. 5, PID 336), and was aware that Baker's rental business might be in the red (*see* R. 5, PID 169, 204, 339). And though Baker promised to pay the taxes by March 2018, the Bankruptcy Court discounted that promise given her history of failing to pay. (R. 5, PID 337–38.) On the facts, the Bankruptcy Court found cause sufficient to lift the stay.

In response, Baker leans on two cases: *In re Nichols*, 440 F.3d 850 (6th Cir. 2006), and *In re Klosterman*, No. 11-35180, 2012 Bankr. LEXIS 2016 (Bankr. N.D. Ohio 2012). (R. 9, PID 429; R. 15, PID 553.) Baker cites *Nichols* because it says that "failure to make payments, standing alone, however, does not usually constitute 'cause' to modify or lift the stay, especially where

failure to pay resulted from circumstances beyond the debtor's control, such as illness . . . ." *Nichols*, 440 F.3d at 856. She cites *Klosterman* for the proposition that a bankruptcy court may condition the lifting of the stay upon the debtor's failure to meet a promise to pay. *Klosterman*, 2012 Bankr. LEXIS 2016 at *10.

But *Nichols* and *Klosterman* do not preclude the Bankruptcy Court's finding of cause. *Nichols* dealt with a debtor's failure to make payments on pre-petition obligations secured by personal property. *See In re Frasier*, No. 14-06074, 2015 Bankr. LEXIS 782, at *3 (Bankr. W.D. Mich. Feb. 20, 2015). And unlike Baker, who has a confirmed reorganization plan, *Klosterman* involved a debtor working to confirm a reorganization plan. *Klosterman*, 2012 Bankr. LEXIS 2016 at *4.

\* \* \*

In the end, Baker cannot show the Bankruptcy Court committed reversible error in lifting the automatic stay. Section 362(d)'s disjunctive structure gave the Bankruptcy Court the option of lifting the stay either under the "cause" or "property" prongs. And the Bankruptcy Court did not abuse its discretion in finding cause sufficient to lift the stay. Accordingly, the judgment of the Bankruptcy Court is affirmed.

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
Dated: February 27, 2018     U.S. DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

       The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 27, 2018.

                                       s/Keisha Jackson
                                       Case Manager